WAKEMAN, Respondent, *v.* VANDERBILT, Appellant.

The captain of a vessel drew on his owner for $600, to defray the expenses of the first mate, who was injured on the voyage, and who it became necessary to leave on shore for his recovery. In an action by the captain against the owner for wages, the owner claimed to set off $450 of the amount of the draft against the claim, on the ground that he was liable for it, but did not produce the draft, or show payment of it: Held, that the court below properly rejected the set-off.

No right of action can accrue upon a draft until payment. And where there is no right of action, there is no right of set-off.

APPEAL from the Fourth Judicial District.

The complaint stated, that on the 27th November, 1851, the defendant was indebted to plaintiff in the sum of $500, for wages due him for services as master of the Steamship Independence, running between the ports of San Francisco and San Juan del Sud, in the State of Nicaragua.

The defendant pleaded, that the plaintiff during the voyage, for which he claimed the said sum, and while he was in the defendant's employ, wrongfully paid to Moses Hunt, the first mate of the ship, $600 of the moneys of defendant; there being then due said Hunt but $150; and claimed to setoff the balance of $450 against the claim of the plaintiff.

The evidence was, that on the voyage in question, Moses Hunt, the first mate of the vessel, received a wound at Acapulco, while in the service of the vessel, and, by direction of the surgeon of the ship, was left on shore at San Juan, as the only measure likely to secure his recovery. He, however, died shortly after. At the time he was left, one month's wages, $150, was due to him, which, together with three month' extra wages, was paid by a draft on R. J. Vandewater, agent of defendant for $600, payable to the order of Bade, White & Co., who advanced the money on it for Moses Hunt. There was no proof that the draft had ever been paid by defendant. Plaintiff's counsel on the trial called on defendant to produce the draft; which he failed to do.

Mr. Vandewater testified, that he remembered a draft drawn

by plaintiff on him, as agent of the line, for $600 in favor of Bade, White, & Co., dated at San Juan, drawn during the voyage in question, and intended to pay the expenses of the illness of Mr. Hunt, and that this draft was not paid by witness, as agent or during his agency for defendant.

The court charged the jury, that there was no evidence of any counter claim, and the jury found for plaintiffs, $450 16.

The court refused a new trial, and defendant appealed.

*Crockett* and *Baker*, for appellant.

There was but one month's wages due to Hunt, $150. The captain had no right to use the money of defendant without authority; the injury of Hunt conferred no authority. The draft of the captain bound the owner as between the owner and Bade, White & Co., and is to be considered as accepted or drawn by his authority.

Where an agent binds his principal beyond his authority, the agent is liable; and if he thus draws, he is not the less liable from the fact that his principal has not yet paid it; it may not be due, or not presented. The authority to draw is sufficient to make the principal liable without acceptance.

The captain is agent of the owner, with authority to draw. He receives money for a draft, which he negotiates, and misapplies it. Is he not bound to account for it? In this case he paid a demand for which the owner was not liable, without instructions. It was not a draft on the individual credit of the captain, but by virtue of his power to bind the owner. The owner is injured by his liability to pay; actual payment is not necessary to avail himself of the fact in his defence.

*Jones, Noyes,* and *Barber*, for respondent.

The draft was dishonored by Vandewater, the agent of defendant, as shown by the testimony, and was not produced on the trial.

Under the allegation of defendant, that plaintiff had wrongfully expended $450 of his money, the evidence was not admissible. The testimony showed that plaintiff drew for $600, on defendant's agent, which draft was cashed by Bade, White & Co.,

and which Vandewater, the agent, dishonored. The evidence was not relevant to the issue thus raised. It did not establish the fact that plaintiff had paid out any money of Vanderbilt's: on the contrary, it showed that he had no money of Vanderbilt's in his hands, and was obliged to borrow money on his individual responsibility to repay it; and this in order to defray a debt with which defendant was justly chargeable; and was therefore justly discarded by the court.

But plaintiff's conduct in reference to Hunt, is justified by maritime law: 2 Mason, 541; 1 Peter's Adm. R. 142; Ib. 157.

The master of a vessel cannot bind the owner by draft: 10 Metcf. R. 380. His responsibility arises on his implied promise to pay for services at the request of his authorized agent; and the maritime law gives a right of action *in rem*. But the owner cannot be made liable on an unaccepted draft. If the draft was drawn by the owner's authority, there would be an end of the question; he cannot hold his agent responsible for obeying his instructions.

Vanderbilt is liable, as plaintiff insists, but not by *virtue of the draft*, but by virtue of the original fact; the money was furnished for his use to defray expenses, with which he was primarily chargeable.

It is easy to account for the non-production of the draft. Upon its dishonor by Vandewater it was protested, and returned to the holders for recourse to the drawer.

HEYDENFELDT, Justice, delivered the opinion of the court.

The decision of the court below was correct.

No right of action can accrue to the defendant against the plaintiff, on the draft in favor of Bade, White & Co., until the defendant has paid it; and certainly if there is no right of action, there is no right of set-off.

Judgment affirmed.